UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE SELLERS,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br>NATIONAL ASSOCIATION (INC.),<br><br>    Defendant. | CIVIL ACTION FILE NO:<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Stephanie Sellers ("Plaintiff" or "Sellers"), by and through counsel, hereby files this Complaint against Defendant Wells Fargo Bank, National Association (Inc.) ("Wells Fargo"), and alleges as follows:

## INTRODUCTION

1.

This is an action arising out of Sellers' two stints of employment with Wells Fargo.

2.

Related to her first stint of employment, Sellers brings claims of gender/pregnancy discrimination arising because Wells Fargo terminated Sellers' employment due to her pregnancy and/or pregnancy-related medical conditions in

violation of the pregnancy provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(k) ("Title VII," the "Pregnancy Discrimination Act," or "PDA"). This is also an action for interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* arising because Wells Fargo refused to reinstate Sellers to her position following her FMLA leave.

3.

Related to her second stint of employment, Sellers brings claims of gender discrimination and retaliation under Title VII as Wells Fargo took an adverse action against Sellers by moving her to an unfavorable location following her complaint that her supervisor was discriminating against her. This discrimination and retaliation also violates Title VII.

### JURISDICTION AND VENUE

4.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), and 29 U.S.C. §794a, 42 U.S.C § 2000e-5(f)(3).

5.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful

employment practices and the violations of Plaintiff's rights alleged below were committed in this judicial district and division.

**PARTIES**

6.

Plaintiff Stephanie Sellers is a legal resident and citizen of the United States and of the State of Georgia. During the relevant time period, Sellers was an employee of Wells Fargo. Sellers submits herself to the jurisdiction of this Court.

7.

Sellers was, at all times relevant hereto, an employee within the meaning of Title VII and the PDA.

8.

Sellers is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

9.

Sellers was employed with Wells Fargo for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

10.

Defendant Wells Fargo Bank is a foreign profit corporation providing

banking services to its customers in the State of Georgia and this district and division of the United States District Court for the Northern District of Georgia. Thus, Wells Fargo is subject to personal jurisdiction in Georgia.

11.

Defendant Wells Fargo, is an "employer" within the meaning Title VII, 42 U.S.C. § 2000e, because it engaged in commerce or in an industry affecting commerce within the meaning of Title VII and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

12.

Wells Fargo is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

13.

Wells Fargo had more than 50 employees within a 75-mile radius of the location at which Sellers was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

14.

Wells Fargo may be served with process by delivering summons and a copy

of the complaint to its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## ADMINISTRATIVE PROCEEDINGS

15.

Sellers filed a charge of discrimination, Charge No. 410-2021-01996, with the Equal Employment Opportunity Commission and against Defendant within 180 days of the occurrence of the acts of which she now complains.

16.

On December 23, 2022, Sellers received her Notice of Right to Sue from the EEOC and this lawsuit is filed within ninety (90) days of receipt of that notice.

17.

Thus, Sellers has exhausted her administrative remedies.

18.

Sellers filed a second charge of discrimination, Charge No. 410-2022-05622, on December 8, 2022, which was within 180 days of the occurrence of the acts of which she complained. Sellers will amend this lawsuit when she obtains the Right to Sue.

## STATEMENT OF FACTS

*SELLERS'S FIRST STINT OF EMPLOYMENT WITH WELLS FARGO*

19.

Stephanie Sellers (hired as Stephanie Arnold) began working for Wells Fargo on or about February 10, 2014 as a part-time teller.

20.

In 2015, Wells Fargo promoted Sellers to a full-time personal banker position.

21.

While working for Wells Fargo, Sellers received positive reviews and faced no disciplinary action.

22.

Sellers reported to Clarissa Robinson.

23.

Robinson frequently made comments that women should not have children out of wedlock, all the while knowing that Sellers was an unmarried mother.

*Sellers Takes FMLA Leave and is Displaced While on Leave*

24.

In September 2020, Sellers began approved FMLA leave for her high-risk

pregnancy.

25.

Sellers was set to return from FMLA leave on January 26, 2021.

26.

On or about December 1, 2020, Antoria Jones, the Branch Manager, informed Sellers that she was being "displaced" starting December 3, 2020.

27.

The other personal banker from Sellers's Branch who was displaced was also an unwed mother.

28.

Despite labeling Sellers as "displaced," Wells Fargo ultimately placed a man, Justin Mims, into Sellers's personal banker position.

29.

Many other "displaced" employees were given the option of a demotion or a branch transfer, but Wells Fargo did not present such options to Sellers.

30.

Wells Fargo finalized Sellers's termination on January 31, 2021, five days after Sellers was originally set to return from FMLA leave.

*Sellers's Second Stint of Employment with Wells Fargo*

31.

Wells Fargo rehired Sellers in November 2021 as a personal banker at a different branch.

32.

Despite Sellers's over six years of service for Wells Fargo, she was rehired with no regard to her seniority.

33.

Sellers's new supervisor was Marva Goodlitt.

34.

Goodlitt frequently told Sellers to "go back home and be with her kids."

35.

However, Goodlitt denied Sellers leave when she requested time off in February 2022 to care for her ill son.

36.

Three months later, Goodlitt approved leave for a male employee who left abruptly to care for his girlfriend.

37.

In or around June 2022, Sellers complained about disparate treatment based

on gender to Human Resources.

38.

Sellers told Human Resources that she felt discriminated against by Goodlitt due to Goodlitt's frequent disparaging comments and the denial of her leave.

39.

After Sellers complained to Human Resources, Wells Fargo assigned her to a difficult branch.

40.

Wells Fargo told Sellers she would only have to work at the difficult branch for one week while they "sorted things out."

41.

Wells Fargo left Sellers at the branch for months.

42.

Unable to cope with the hostile working environment at the new branch, Sellers resigned on November 3, 2022.

43.

Defendant's actions were done intentionally, willfully and in a bad faith violation of Sellers's rights under Title VII.

44.

The effect of the above-stated actions has been to deprive Sellers of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for these illegal actions.

45.

The effect of Defendant's above-stated actions, by and through Wells Fargo's officers and managers, has also caused Sellers out-of-pocket losses, including attorney's fees, and mental and emotional distress for which she seeks compensation.

**COUNT ONE**
**PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT**

46.

Sellers incorporates by reference all the preceding paragraphs of the Complaint.

47.

Wells Fargo discriminated against Sellers because of her pregnancy by terminating her employment while she was on protected leave.

48.

In terminating Sellers's employment rather than granting her medical leave to accommodate her pregnancy-related disabilities, Defendant treated Sellers less favorably than similarly situated employees outside of her protected class (female/pregnant), in violation of Title VII and the PDA.

49.

Sellers's pregnancy was a motivating factor in Wells Fargo's decision to terminate her employment. Sellers would not have been terminated if she had not gone on protected leave related to her pregnancy.

50.

Wells Fargo acted with reckless disregard for Sellers's rights under federal law.

51.

Wells Fargo's discriminatory actions violate Title VII and the Pregnancy Discrimination Act.

52.

As a direct and proximate result of Wells Fargo's unlawful and discriminatory employment practices, Sellers has suffered and continues to suffer loss of earnings and benefits, emotional distress, inconvenience, humiliation, and

other indignities compensable under Title VII and the PDA, for which Wells Fargo is liable.

53.

Wells Fargo acted maliciously, willfully, wantonly, oppressively, or recklessly, toward Sellers.

## COUNT TWO
### INTERFERENCE WITH FMLA LEAVE

54.

Sellers incorporates by reference all the preceding paragraphs of the Complaint.

55.

Sellers was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

56.

Sellers used FMLA leave for her own medical care.

57.

Wells Fargo refused to return Sellers to her position with the Wells Fargo.

58.

Wells Fargo prevented Sellers from exercising the rights provided to her

under the FMLA.

59.

Wells Fargo's actions in interfering with Sellers's federal right to FMLA leave were committed with reckless disregard for her right to take up to 12 work weeks of leave to care for her serious health condition and to return to her position with Wells Fargo, in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

60.

The effect of Wells Fargo's actions was to deprive Sellers of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her right to leave under the FMLA.

61.

As a result, Sellers is entitled to both equitable and monetary relief for Wells Fargo's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, attorney's fees and costs of litigation.

62.

Sellers is also entitled to liquidated damages for Wells Fargo's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT THREE
### RETALIATION IN VIOLATION OF THE FMLA

63.

Sellers incorporates by reference all the preceding paragraphs of the Complaint.

64.

Sellers was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

65.

In refusing to reinstate Sellers when she was ready to return to work and in terminating her employment, Wells Fargo retaliated against Sellers for attempting to exercise her right to take leave as provided under the FMLA.

66.

Wells Fargo's actions in retaliating against Sellers for attempting to exercise her rights under the FMLA were committed with reckless disregard for her right to be free from retaliatory treatment because of her exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

67.

The effect of Wells Fargo's actions has been to deprive Sellers of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

68.

As a result, Sellers is entitled to both equitable and monetary relief for Wells Fargo's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

69.

Sellers is also entitled to liquidated damages for Wells Fargo's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**PRAYER FOR RELIEF**

Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a)   judgment in favor of Plaintiff and against Defendant under all Counts of the Complaint for its unlawful employment practices;

(b)   an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII, the PDA and the FMLA;

(c) damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e) compensatory damages for Plaintiff's mental and emotional distress incurred as a result of Defendant's unlawful actions;

(f) punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(g) liquidated damages for Wells Fargo's willful violations of the FMLA;

(h) reasonable attorney's fees and costs; and

(i) such other and further equitable and monetary relief as the Court deems just and proper.

Respectfully submitted this 31st day of January 2023.

LEGARE, ATTWOOD & WOLFE, LLC

**Marissa R. Torgerson**
Georgia Bar No. 848356
mrtorgerson@law-llc.com
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Attorneys for Plaintiff